## Case No. 851.

### BANK OF ALEXANDRIA v. MANDEVILLE.

[1 Cranch, C. C. 575.][1]

Circuit Court, District of Columbia. Nov. Term, 1809.

PARTNERSHIP—SECRET PARTNER—LIABILITY—EVIDENCE—COMPETENCY OF WITNESSES.

1. An action of debt, under the Virginia law, may be maintained upon a promissory note, against a secret partner who has not signed it.

2. A creditor of the firm is a competent witness to prove its existence.

3. The wife of one of the defendants is not a competent witness for the plaintiffs, although her husband has been discharged under the insolvent act.

4. A stockholder in a company who own stock in the plaintiffs' bank is a competent witness for the plaintiffs. [Alexandria v. Brockett, Case No. 181, followed.]

5. The record of other suits between the defendant and other plaintiffs cannot be read in evidence by the plaintiffs to show fraud in the dissolution of the partnership.

6. The secret partner is not liable unless the money obtained by the discount of the note came to the use of the secret partnership.

[Cited in Re Munn, Case No. 9,925.]

At law. Debt on a note signed by R. B. Jamesson, charging Mandeville as a secret partner. [See Bank of Alexandria v. Mandeville, Case No. 850.]

1st plea, nil debet. 2d plea, usury, upon which there was a demurrer and judgment at the last term. 3d plea, usury. Replication, it was discounted by the bank according to their usage; general rejoinder and issue. 4th plea, usury; same replication as to 3d plea; rejoinder, did not offer the note for discount according to the usage of the Bank of Alexandria and all other banks in the United States; upon which issue was joined.

Mr. C. Lee, for the defendant, objected to the note going in evidence. The action is debt on the promissory note. Debt does not lie on a promissory note at common law. This action is supposed to be founded on the Virginia statute of December 4, 1786, p. 36, § 3. The declaration upon a note given for account of Jamesson & Mandeville. This note does not state it to be on account of J. & M., and parol evidence cannot be given to prove that fact. The statute of Virginia gives an action of debt only against the person who signed the note. The action ought to have been assumpsit. The first count of the declaration states that R. B. Jamesson for and on account of Jamesson & Mandeville, by their note promised to pay, &c. The

[1] [Reported by Hon. William Cranch, Chief Judge.]

second count, that Jamesson & Mandeville, by their note promised to pay.

C. Simms and E. J. Lee, for plaintiffs.

The note is precisely such an one as is declared upon. If it will not support an action against Mandeville, it is a good cause for demurrer—and that is the course they ought to have taken. It is now too late. One partner may bind his copartner by a note. So the acceptance of one partner binds all, if on partnership account. If the note had been signed by one partner only for himself and partners, an action of debt under the statute might have been maintained upon it against all the partners. The statute means that an action of debt may be brought against any person bound by the note. The question is, who signed the note; we say that Mandeville & Jamesson signed it by R. B. Jamesson. The question then arises whether Mandeville & Jamesson traded under the firm of R. B. Jamesson. If you take the statute literally, only one of a mercantile firm (he who signed) is liable to an action of debt. Suppose it had been R. B. Jamesson and Co., we might show who the company was.

Mr. Swann, in reply. We cannot deny the consideration in an action of debt, on the statute. Here is no ambiguity either latent or patent. If the term company had been added, there would have been ambiguity which might have been explained. In assumpsit we can go into the consideration.

THE COURT was of opinion that there was no variance between the note declared upon and that offered in evidence; and that parol evidence was competent to prove the averment of partnership and the averment that the note was given by R. B. Jamesson, for and on account of the copartnership. If an action could not be maintained against Mandeville under the statute, because he had not signed the note, it was a defect apparent on the face of the declaration, and the remedy was by demurrer, or arrest of judgment.

The deposition of one Grogan was offered in evidence by the plaintiffs.

Mr. Youngs, Mr. C. Lee, and Mr. Swann, for the defendant, objected, that Grogan states himself to be a creditor of R. B. Jamesson, and is interested in fixing the partnership upon Mandeville.

THE COURT, without argument, said that it was an objection to the credibility, but not to the competency of the witness; although Jamesson is insolvent, and has been discharged under the insolvent act.

The plaintiffs offered the wife of R. B. Jamesson, one of the defendants, to charge the other defendant as a secret partner of her husband.

Mr. E. J. Lee. R. B. Jamesson himself would be a good witness, having been discharged under the insolvent law. In the case of Mayor, etc., v. Moore, [Case No. 9,359,] Moore was admitted as a witness. In the case of Governor of Virginia v. Evans, [Id.

16,969,] Evans was admitted a witness; and in the case of Riddle v. Welch, [Id. 11,809,] Welch was admitted as a witness. The interest must be direct in the event of the suit in trial. 3 Williams, Cases, 398; Bent v. Baker, 3 Term R. 27. If the verdict or judgment cannot be used in his favor, he is a competent witness. So the wife is a good witness against the husband. Williams v. Johnson, 1 Strange. 504; Anon., Id. 527; Rex v. Azire, Id. 633; Baring v. Reeder, 1 Hen. & M. 154.

THE COURT refused to suffer Mrs. Jamesson to testify; her husband could not be a witness directly to fix a liability upon Mandeville; and she has all his disabilities. In the case of Mayor, etc., v. Moore, [supra,] Moore had been discharged under the bankrupt law, and was not liable. In the case of Governor of Virginia v. Evans, [supra,] Evans was permitted to prove a collateral matter in the issues joined on the pleas of the other defendants. So in Riddle v. Welch, [supra.] Here the evidence is to create the liability itself directly.

Thomas Vowell, Jr., was offered as a witness for the plaintiffs. The defendant objected that he was interested, being a stockholder in the Marine Insurance Company, which company is a stockholder in the Bank of Alexandria.

THE COURT, without argument, overruled the objection, on the authority of Common Council [Alexandria] v. Brockett in this court at November term, 1807, [Case No. 181,] considering it as a doubtful point. The plaintiffs offered to read the records in sundry suits in which Mandeville was a party about the time of the supposed dissolution of the firm of Mandeville & Jamesson, in which Mandeville's discharge under the English bankrupt law was questioned, to show a motive for an ostensible dissolution.

But THE COURT (CRANCH, Chief Judge, doubting) refused.

Mr. C. Lee then moved the court to instruct the jury that the defendant is not liable unless the money obtained by the discount of this note came to the use of the secret partnership,—

Which instruction the court gave.

Mr. R. J. Taylor, for the plaintiffs, prayed the court to instruct the jury that if the note was discounted for the use of the partnership, and received by R. B. Jamesson, one of the partners, the plaintiffs are entitled to recover, although the plaintiffs were at the time ignorant of the existence of the partnership, and discounted it on the credit of R. B. Jamesson and W. Herbert, the indorser, and although the money was applied by R. B. Jamesson to his own individual use, and not to the use of the partnership,—

Which instruction the court refused to give.

Mr. Swann, for the defendant, prayed, and the court instructed the jury that if the partnership was actually dissolved between Mandeville & Jamesson on the 10th of June, 1806, and did not exist on the 21st of July, 1806, (the date of the note) and the dissolution was known to the bank before that day, the defendant is not bound to pay it, although it was given to take up a partnership note.